**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| KEVIN HYATT,<br><br>    *Plaintiff*,<br><br>v.<br><br>BRIAN JARRETT DBA BRIAN JARRETT STATE FARM, and BRIAN JARRETT,<br><br>    *Defendants*. | CIVIL ACTION FILE NO.<br><br>3:23-cv-00074-TES |

**STIPULATED AGREEMENT AND PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26(c) and by agreement of the parties, the Court hereby ORDERS that:

1. Documents or information produced by or provided to the parties during the course of discovery in the above-styled matter relating to proprietary business information and/or sensitive personal information may be designated as "Confidential Information" so long as the party who seeks confidentiality has a good faith belief that such document or information is entitled to confidentiality under the terms of this Agreement.

2. For purposes of this Agreement, "Document" means all written, recorded, or graphic material, in hard copy or electronic format, including but not

limited to deposition transcripts and exhibits, trial and hearing transcripts and exhibits, pleadings, motions, affidavits, and briefs that may quote, summarize, or contain Confidential Information.

3.  For purposes of this Agreement, "Producing Party" means a named party in this litigation that produces Confidential Information in connection with this litigation. With respect to Confidential Information obtained via subpoena or deposition from third parties, "Producing Party" shall refer to either or both parties.

4.  For purposes of this Agreement, "Recipient" means a named party in this litigation (or counsel thereto and their agents) who receives Confidential Information or other information in connection with the litigation.

5.  "Confidential Information" shall mean "Proprietary Business Information" and "Individual Personal Information" as defined below which is designated as such by the "Producing Party:"

    a.  "Proprietary Business Information" shall be defined as follows:

        i.  "Proprietary Business Information" means any sales data, financial data, profit data, marketing practices, purchasing documents, employment policies, equipment detail, customer data (including but not limited to information identifying customers of State Farm Mutual Insurance Company, as well as the personal identifying information,

        contact information, and home, vehicle, or property information pertaining to said customers), employee data, trade secrets or other non-public proprietary, strategic or commercial information, sensitive communications, data or research of Defendants' information produced by Defendants that at the time of production is not generally known to persons engaged in the industry in which Defendants conduct business;

  ii.    The term "Proprietary Business Information" shall not include matters of public record, and shall not include redacted copies of documents or information where the Proprietary Business Information has been removed. The Parties, and anyone acting on behalf of the Parties or at the direction of the Parties, may not place a document in the public domain so as to destroy a document's potential designation as Confidential Information.

b.    "Individual Personal Information" shall be defined as follows:

  i.    The term "Individual Personal Information" means medical records and other documents identifying

          individuals by their name, date of birth, Social Security number, or other personally identifying information.

    ii.    The term "Individual Personal Information" shall not include matters of public record, and shall not include redacted copies of documents or information where the identifying Individual Personal Information has been removed.

c.    A Producing Party shall make good faith efforts to identify and designate any documents containing Proprietary Business Information or Individual Personal Information as Confidential Information prior to production.  To designate Confidential Information, the Producing Party shall stamp or mark the Document or other media containing electronic data such as flash or thumb drives "Confidential" or otherwise label the Document or electronic media in a way that brings the designation to the attention of a reasonable examiner, or otherwise puts the Recipient on reasonable notice that the Document or electronic media contains Confidential Information. To designate Confidential Information produced by third parties or in testimony (or in exhibits referred to therein), the Producing Party

shall notify the Recipient in writing at any time up until twenty (20) days after receipt of the Confidential Information.

6. The Confidential Information material designated pursuant to this Stipulated Agreement and Protective Order shall be exclusively for use in this action and for no other purpose, except as otherwise commanded by law or permitted by the Judge. However, this Stipulated Agreement and Protective Order shall not permit or require a party to withhold Confidential Information material that is sought by an agency of a state or federal government, whether pursuant to subpoena, administrative subpoena, discovery request, or other formal or informal request, whether or not such request is disclosed to the Producing Party.

7. The parties agree that, as consideration for this Stipulated Agreement and Protective Order, the parties may not withhold any Confidential Information material on the basis of a claim or contention that such information is confidential, other than pursuant to a claim of privilege or attorney-work product.

8. The Recipient shall not disclose Confidential Information to any person except as permitted in this Order. The Recipient may disclose Confidential Information to:

    a. The Judge;

    b. Court reporters utilized in this litigation;

    c.    Counsel of record in this action and employees of counsel in this action;

    d.    Parties to this action, including officers and employees of Parties to this action;

    e.    Experts or consultants engaged by counsel to assist in this litigation, provided that these expert witnesses expressly agree to be bound by the terms of this Agreement and not to disclose Confidential Information except as permitted herein; and

    f.    Fact witnesses, but only in accordance with the procedures set forth in Paragraph 9 of this Agreement except when disclosed during the course of a deposition or at any litigation proceeding in this case.

9.    Prior to disclosure of Confidential Information to persons described in Paragraphs 8(e) or 8(f), the Recipient shall advise the person that, pursuant to this Agreement, he or she may not divulge such information to any other individual except as permitted herein.

10.    At any time, a Recipient may dispute the designation of individual documents or a category of documents or information as Confidential Information by notifying the Producing Party in writing of such dispute. The Parties shall make good-faith efforts to resolve any such dispute.  If the Parties are unable to resolve their dispute, it shall be presented to the Judge.

11. A Recipient may dispute the lack of designation of Confidential Information on an individual document or a category of documents or information by notifying the Producing Party in writing of such dispute and designating the document as Confidential Information. The Parties shall make good-faith efforts to resolve any such dispute. If the Parties are unable to resolve their dispute, it shall be presented to the Judge.

12. Any Party has the right to move to modify or vacate and the Judge may, on its own Motion, modify or vacate this Stipulated Agreement and Protective Order.

13. Nothing in this Stipulated Agreement and Protective Order shall be deemed to limit or waive any discovery or evidentiary objection other than that the documents and information sought are confidential, as provided above.

14. Nothing in this Order shall bar or otherwise restrict any attorney for any party from rendering advice to his or her client with respect to this case or from doing anything necessary to prosecute or defend this case and furthering the interests of his or her client, except the disclosure of the material as proscribed in this Order.

15. If a Party seeks to rely upon any evidence covered by this protective order in support or in opposition to any motion or during any hearing or trial, that party shall first consult with the counsel for the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. If a Party believes the evidence

should be filed under seal, it must present a motion and/or consent order and/or other appropriate request regarding said document to the Court in accordance with local practice.

SO ORDERED, This 4th day of January, 2024.

S/ Tilman E. Self, III
TILMAN E. SELF, III, JUDGE
UNITED STATES DISTRICT COURT