# EXHIBIT A
## Settlement Agreement

# FLSA SETTLEMENT AGREEMENT

Kevin Hyatt ("Plaintiff") and Jarrett Insurance and Financial Services Inc. doing business as Brian Jarrett State Farm and Brian Jarrett (collectively "Defendants") (Plaintiff and Defendants are jointly referred to as "Parties") agree that:

WHEREAS, on June 15, 2023, Plaintiff brought suit against the Defendants in the United States District Court for the Middle District of Georgia, Athens Division, in a civil action styled *Kevin Hyatt v. Briand Jarrett DBA Brian Jarrett State Farm and Brian Jarrett* Civil Action File Number 3:23-cv-00074-TES (hereinafter referred to as the "FLSA Action"), asserting claims pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et seq.*, *to wit*, Count 1: Failure to Pay Overtime Wages Under the FLSA, and several state law claims under Georgia law; and

WHEREAS, Defendants deny the allegations in the FLSA Action and deny any guilt, violation of law, civil liability, or wrongdoing of any kind; and

WHEREAS, the Parties desire the FLSA Action be terminated and resolved without further legal proceedings, thereby avoiding the inconvenience, expense, uncertainty, and risks involved in litigation; and

WHEREAS, the Parties understand and agree that neither the making of this FLSA Settlement Agreement ("FLSA Settlement Agreement" or "this Agreement") nor anything contained herein shall in any way be construed or considered to be an admission by Defendants of any guilt, violation of law, liability or wrongdoing of whatever kind, the same being hereby denied by Defendants.

NOW, THEREFORE, in consideration of the promises and mutual covenants contained in this FLSA Settlement Agreement, and for other good and valuable consideration, the receipt and sufficiency of which are acknowledged by the Parties, the Parties agree as follows:

1. **Consideration**. In consideration for Plaintiff signing this FLSA Settlement Agreement and releasing Defendants as set forth more fully in Paragraph 5, *infra*, Defendants shall pay Plaintiff the total sum of Five Thousand Dollars ($5,000.00), which amount is hereafter referred to as the "Settlement Payment." In addition, the Defendants will pay the Plaintiff's attorney, Peter Steckel, Esquire, with the firm Steckel Law, LLC, a total of Five Thousand Dollars ($5,000.00) shall be paid to Plaintiff's Counsel as attorneys' fees and costs.

2. **Structure of Settlement Payment**. The Settlement Payment shall be disbursed as follows:

(a) Defendants will pay the Plaintiff Two-Thousand Five Hundred Dollars ($2,500.00) as back wages. Defendants shall issue the Plaintiff an IRS Form W-2 reflecting this payment.

(b) Defendants will pay the Plaintiff Two-Thousand Five Hundred Dollars ($2,500.00) as liquidated damages. Defendants shall issue the Plaintiff an IRS Form 1099 reflecting this payment.

(c) Additionally, Defendants shall issue payment of Five Thousand Dollars ($5,000.00) to Steckel Law, LLC, as attorneys' fees and costs, and shall issue an IRS Forms 1099 to Steckel Law, LLC.

3.   **Timing.** Settlement Payment shall be delivered by Defendants to counsel for Plaintiff within either thirty (30) days from execution of this FLSA Settlement Agreement or ten (10) days of the Court's approval of this Agreement, whichever is later. Failure to make timely payment shall be considered a material breach of this Agreement rendering said Agreement null and void *in toto*.

4.   **No Admission of Wrongdoing.** Nothing in this FLSA Settlement Agreement nor the furnishing of the consideration for this FLSA Settlement Agreement shall be deemed or construed at any time or for any purpose as an admission by any of the Defendants of any civil liability or unlawful conduct of any kind. Defendants deny any liability or wrongdoing of any kind associated with the claims alleged and the allegations contained in the Action. Neither this FLSA Settlement Agreement nor anything in it, nor any part of the negotiations that resulted in this Settlement Agreement, shall constitute evidence with respect to any issue or dispute in any lawsuit, legal proceeding, or administrative proceeding, and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret or enforce its terms.

5.   **Limited FLSA Release of Claims.** Subject to the terms of this FLSA Settlement Agreement, and in exchange for the Consideration set forth in Paragraph 1 *supra*, Plaintiff understands that this Settlement constitutes full and complete satisfaction of Plaintiff's Claims prosecuted in this Action. The Plaintiff (on his own behalf and on behalf of his heirs, successors, and assigns) will settle, compromise, release, and discharge, forever and completely, the FLSA Released Parties[1] from any and all past and present matters, disputes, claims, demands,

---

[1] "FLSA Released Parties" shall mean (i) shall mean Jarrett Insurance and Financial Services Inc. doing business as Brian Jarrett State Farm, as well as its parent, subsidiary, and affiliated entities, their respective owners, shareholders, members, directors, officers, managers, employees, insurers, agents, attorneys, representatives, and assigns, and anyone acting on behalf of them; (ii) and Brian

rights, liabilities, expenses, damages, losses of any kind, and causes of action that the releasing Plaintiff has or might have against any of the FLSA Released Parties under the Fair Labor Standards Act (29 U.S.C. §201 *et. seq.*; the "FLSA") or any state or local wage-and-hour law, based on facts occurring at any time up to, and including, the date that the Court approves the FLSA Settlement (the "FLSA Released Claims") – whether known or unknown, asserted or unasserted, of any kind whatsoever, even if presently unknown or unasserted. The FLSA Released Claims include, but are not necessarily limited to, any and all claims for unpaid wages, liquidated damages, attorneys' fees, costs and expenses, pre- and post-judgment interest, minimum wage, overtime premiums, or any other wage-related or recordkeeping-related damages or relief of any kind arising from the allegations he was not properly compensated under the FLSA.

6. **No Consideration Absent Execution of this Agreement**. Plaintiff acknowledges the receipt and sufficiency of the consideration specified in Paragraph 1, *supra*, and understand and acknowledge that he would not receive the consideration specified in said Paragraph 1, except for their Limited FLSA Release, the execution of this FLSA Settlement Agreement, and the fulfillment of the promises contained herein.

7. **Limitations on Press Interactions Regarding FLSA Settlement**. The Parties agree that none of them will: (1) issue a press release or otherwise notify the media about the terms of the FLSA Settlement Agreement; or (2) advertise or make any public statements regarding any of the terms of the FLSA Settlement Agreement through written, recorded or electronic communications.

8. **Covenant Not to Sue or to Recover for Released Claims**. Plaintiff agrees that he will not accept, recover, or receive any back pay, liquidated damages, other damages, or any other form of relief based on any of the FLSA Released Claims which may arise out of, or in connection with, any other individual, union representative, class or any administrative or arbitral remedies pursued by any individual, class/collective, union, or federal, state or local governmental agency against any FLSA Released Parties and further acknowledges that he is enjoined from pursuing – and will not pursue – any of the FLSA Released Claims he had, might have, or might have had against any of the FLSA Released Parties.

9. **Governing Law and Interpretation**. This FLSA Settlement Agreement shall be governed and conformed in accordance with the laws of the State of Georgia without regard to its conflict of laws provision, and venue shall exclusively lie in the United States District Court for the Middle District of Georgia, Athens Division. This FLSA Settlement Agreement is contingent upon approval by the United States District Court for the Middle District of Georgia, Athens Division, and

---

Jarrett, and his heirs, successors, assigns, insurers, agents, attorneys, and representatives.

shall be null and void if it is not approved by the Court; however, in the event that the Court does not approve this FLSA Settlement Agreement, the Parties agree to work together in good faith to structure a settlement that will meet Court approval.

10. **Advice of Attorneys**. The Parties hereto have entered into this Settlement Agreement freely, had the opportunity to seek the advice of an attorney, and no Party is signing this Agreement on reliance of the promises or representations of the other Party or their agents. Each party acknowledges that he fully understands and consents to the terms of the Agreement.

11. **Costs and Attorney's Fees.** Except as expressly provided otherwise in Paragraph 1 of this FLSA Settlement Agreement, each Party to this Settlement Agreement shall bear his/its own costs and attorneys' fees incurred in prosecution, defense, and settlement of the FLSA Action.

12. **Amendment**. This FLSA Settlement Agreement may not be modified, altered, or changed except in writing signed by the Parties wherein specific reference is made to this FLSA Settlement Agreement.

13. **Entire Agreement**. This FLSA Settlement Agreement sets forth the entire agreement between the Parties hereto, relating to the settlement of Plaintiff's claims under the FLSA and fully supersedes any prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or a party's counsel. Plaintiff acknowledges that they have not relied on any representations, promises, or agreements of any kind made to them in connection with their decision to sign this Agreement, except for those set forth in this Agreement.

14. **Mutual Full Cooperation.** The Parties agree to and shall use their best efforts to fully cooperate with each other in good faith and to take all actions reasonably necessary to implement the terms of this FLSA Settlement Agreement.

15. **Construction.** The Parties agree the terms and conditions of this Settlement Agreement are the result of arms-length negotiations between the Parties and that this FLSA Settlement Agreement shall not be construed in favor of or against a Party by reason of the extent to which his/her/its counsel participated in the drafting of this Settlement Agreement. The Parties request that before declaring any provision of this Settlement Agreement invalid, the Court first attempt to construe all provisions valid to the fullest extent possible consistent with the applicable precedents and the intent expressed in this FLSA Settlement Agreement.

16. **Multiple Counterparts and Digital Execution.** This FLSA Settlement Agreement may be executed in multiple original counterparts, each of which shall be enforceable against the Party signing it, and original signature pages

transmitted via a digital scan attached to electronic mail (email) shall have the same force and effect as delivery of an original signature.

**PLAINTIFF CONFIRMS HE HAS BEEN PROVIDED WITH A REASONABLE AMOUNT OF TIME TO REVIEW AND CONSIDER THIS SETTLEMENT AGREEMENT AND HAZ BEEN ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY REGARDING THIS SETTLEMENT AGREEMENT AND CONFIRM THEY HAVE CONSULTED WITH THEIR ATTORNEY PRIOR TO EXECUTION OF THIS SETTLEMENT AGREEMENT.**

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Settlement Agreement as of the dates set forth below:

| Plaintiff | Signature | Date |
|---|---|---|
| Kevin Hyatt | *[signed]* | 5/10/2024 |

Jarrett Insurance and Financial Services Inc. DBA Brian Jarrett State Farm

By: _____

Title: _____

Date: _____

_____
Brian Jarrett

Date: _____

**APPROVED AS TO FORM:**

Attorney for Plaintiff

5

By: _/s/ Peter H. Steckel_
Peter H. Steckel
Georgia Bar No. 491985
Steckel Law, LLC
1120 Ivywood Drive
Athens, GA 30606

Date: 5/10/24

Attorneys for Defendants

By: _/s/ Matthew_

Matthew R. Simpson
JonVieve D. Hill
FISHER & PHILLIPS LLP
1075 Peachtree Street NE, Suite 3500
Atlanta, GA 30309

Date: May 15, 2024

Case 3:23-cv-00074-TES   Document 16-1   Filed 05/20/24   Page 7 of 7