UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **KEVIN HYATT,**<br><br>*Plaintiff,*<br><br>v.<br><br>**BRIAN JARRETT DBA BRIAN JARRETT STATE FARM,**<br>**and BRIAN JARRETT,**<br><br>*Defendants.* | **CIVIL ACTION FILE NO.**<br><br>**3:23-cv-00074-TES** |

### ORDER GRANTING JOINT MOTION FOR
### APPROVAL OF SETTLEMENT AGREEMENT

Currently before the Court is the parties' Joint Motion for Approval of Settlement Agreement in this Fair Labor Standards Act ("FLSA") 29 U.S.C. §201 *et seq.*, case. FRCP 41(a)(2). Plaintiff Kevin Hyatt filed suit against Defendants seeking to recover unpaid wages Defendants allegedly withheld from him in violation of the FLSA. The parties have now agreed to settle claims and seek judicial approval of the settlement agreement. For the following reasons, the Court **GRANTS** the parties' Motion [Doc. 16].

As the parties recognize, there cannot be a private settlement of claims under FLSA.[1] The FLSA was enacted to protect employees from substandard wages and

---
[1] *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1352 (11th Cir. 1982)

excessive working hours; its provisions are mandatory and not subject to bargaining between employers and their employees.[2]  Thus, settlements must either be approved by the Department of Labor or the district court through stipulation.[3]  In this case, because Plaintiff brough a private action against Defendants, the Court must approve the settlement but only after "scrutinizing the settlement for fairness."[4]

The Court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions.[5]  When evaluating whether a compromise is fair and reasonable, the court must make "an adequate and careful analysis of 'the facts of the case in relation to the relevant principles of applicable law'"[6] and may consider such factors as (1) whether the terms of the settlement were fully and adequately disclosed; (2) the parties' justification for reaching a settlement and compromising the plaintiff's claims; and (3) whether attorney's fees were agreed upon separately and without regard to the amount paid to plaintiff.[7]  "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] .. the district court may approve the settlement in order to promote the policy of encouraging settlement of litigation."[8]

---

[2] Id.
[3] Id.; see also Lee v. Flightsafety Serv. Corp., 20 F.3d 428 (11th Cir. 1994).
[4] Lynn's Food Stores, 679 F.2d at 1353.
[5] Id. At 1353, 1355.
[6] Leverso v. SouthTrust Bank of Al., Nat. Assoc., 18 F.3d 1527, 1531 (11th Cir. 1994).
[7] Bonetti v. Embarq Mgmt. Co., 715 Supp. 2d 1222, 1228 (M.D. Fla. 2009).
[8] Id. at 1354.

**<u>Bona fide Dispute</u>**

Plaintiff alleges that Defendants failed to pay him overtime for certain hours worked. Defendants deny those allegations and contend they properly compensated Plaintiff, that Plaintiff was properly classified as exempt, and that Plaintiff did not work the hours alleged.

Here, there are bona fide disputes over FLSA provisions: (1) whether Defendants properly classified Plaintiff as exempt; (2) Plaintiff's hours worked; (3) whether Defendants kept proper records required by the FLSA; and (4) Plaintiff's damages, if any. The parties attest to the fairness and reasonableness of their settlement, having agreed to the terms of the settlement after they were counseled by their respective attorneys who represented them throughout this action. The parties recognize and acknowledge the expense, length of time, and risks litigation could entail. Specifically, they considered the following risks: (1) the difficulty in Plaintiff proving the hours worked; (2) Defendants' potential "good faith" defenses; and (3) a verdict adverse in whole or in part on the issues of liability or damages. The Court finds the settlement terms in the agreements are a fair and reasonable resolution of the bona fide disputes in this action.

Another provision of the settlement agreements – Plaintiffs' attorney's fees – however, requires further discussion.

**<u>Attorneys' fees</u>**

The Court must also consider the reasonableness of attorneys' fees to be paid pursuant to the settlement agreements "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."[9]  The parties may demonstrate the reasonableness of attorney fees by either (1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or (2) representing that the parties agreed to the plaintiff's attorney fees separately and without regard to the amount paid to settle the plaintiff's FLSA claim.[10]

Here, the parties attest that the attorneys' fees were negotiated separately and without regard to Plaintiffs' FLSA claims. Moreover, the Court finds no reason the attorneys' fees have influenced the reasonableness of the settlements.

## CONCLUSION

Having duly considered the matter, the Court hereby **GRANTS** the parties Joint Motion for Approval of Settlement Agreement [Doc. 16]. This action is hereby **DISMISSED WITH PREJUDICE.  The Court shall retain jurisdiction for enforcement purposes under FRCP 41(a)(2).**

**SO ORDERED**, this 20th day of May, 2024.

S/Tilman E. Self, III
Tilman E. Self, III
Judge, U.S. District Court

---

[9] *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).
[10] *See Bonetti v. Embarq Mgmt. Co*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).